**Opinion filed August 31, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00278-CR

_____

## STEPHEN ELI HAYS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 28669-A**

### M E M O R A N D U M   O P I N I O N

Appellant, Stephen Eli Hays, originally entered into a plea agreement with the State and pled guilty to the offense of aggravated assault as charged in Count One of the indictment. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West Supp. 2021). Count One contained the following allegation: Appellant intentionally and knowingly threatened the victim with imminent bodily injury by pointing a firearm

at her. Pursuant to the terms of the plea agreement, the trial court deferred the adjudication of guilt and placed Appellant on community supervision for a term of eight years. The State subsequently filed a motion to revoke Appellant's community supervision and adjudicate his guilt. Appellant pled true to thirteen of the allegations in the State's motion. The trial court subsequently found those allegations to be true, revoked Appellant's community supervision, adjudicated his guilt, and assessed his punishment at imprisonment for ten years. On appeal, Appellant presents a single issue in which he complains that the degree of the offense as reflected on the trial court's written judgment is incorrect. The State agrees with Appellant. Because we also agree, we modify and affirm.

In his issue, Appellant contends that the trial court's judgment incorrectly reflects the degree of the offense to be a first-degree felony instead of a second-degree felony. The offense for which Appellant was convicted—assaulting the victim by intentionally or knowingly threatening the victim with imminent bodily injury and while exhibiting a deadly weapon—is a second-degree felony. *See id.* § 22.02(a)(2), (b); *see also id.* § 22.01(a)(2). At the punishment hearing, the parties recognized that the presentence investigation report erroneously referred to the offense as a first-degree felony "when, in fact, it's a second-degree felony." Despite the discussion at the hearing, the trial court's written judgment erroneously reflects that Appellant was convicted of a "First Degree Felony."

An appellate court has the power to modify the trial court's judgment to make the judgment speak the truth when it has the necessary information before it to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Because we have the necessary information to make the judgment speak

2

the truth, we sustain Appellant's sole issue and we modify the judgment of the trial court to reflect the degree of the offense to be "**Second-Degree Felony**."

As modified, we affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

August 31, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.